## IN THE FRANKLIN COUNTY COMMON PLEAS COURT
## CIVIL DIVISION, OHIO

| | | |
|---|---|---|
| Harold Jeffery Johnson | : | |
| 6460 Timbermill Way | : | |
| Reynoldsburg, Ohio 43068 | : | |
| | : | |
| Plaintiff, | : | CASE NO. 21 CV 005517 |
| | : | |
| vs. | : | JUDGE SERROTT |
| | : | |
| Dodds Bodyworks, Inc. | : | |
| c/o – Marvice K Dodds - Statutory Agent | : | |
| 6340 Alissa Lane | : | |
| Columbus, Ohio 43213 | : | |
| | : | |
| and | : | **Jury Demand Endorsed Herein** |
| | : | |
| 6340 E Main LLC | : | |
| c/o Mary L. Dodds – Registration Agent | : | |
| 6264 Kinver Edge Way | : | |
| Columbus, Ohio 43213 | : | |
| | : | |
| and | : | |
| | : | |
| 6350 E Main LLC | : | |
| c/o Mary L. Dodds – Registration Agent | : | |
| 6264 Kniver Edge Way | : | |
| Columbus, Ohio 43213 | : | |
| | : | |
| and | : | |
| | : | |
| Mary L. Dodds | : | |
| 6264 Kniver Edge Way | : | |
| Columbus, Ohio 43213 | : | |
| | : | |
| | : | |
| Defendants. | : | |

---

## FIRST AMENDED COMPLAINT

---

Now comes Plaintiff, Harold Jeffery Johnson, through his counsel, and for his First Amended Complaint against Defendants, states as follows:

## PARTIES AND VENUE

1.      Plaintiff Harold Jeffery Johnson ("Mr. Johnson") is an individual residing at 6460 Timbermill Way, Reynoldsburg, Ohio 43068.

2.      At all times relevant, Defendant Dodds Bodywork, Inc. ("Bodyworks") is a corporation for profit operating an autobody center including repairs and painting for vehicles incorporated under the laws of the State of Ohio with its principal place of business located at 6340 East Main and 6350 East Main Street, Reynoldsburg, Ohio 43068 in Franklin County, Ohio.

3.      At all times relevant, Defendant 6340 E Main LLC ("Parcel 5153") is a limited liability company which holds the title to 6340 East Main Street, Reynoldsburg, Ohio 43068 with the property also being known as Franklin County Parcel ID: 060-005153-00 formed under the law of the State of Ohio with its principal place of business located at 6264 Kinver Way, Columbus, Ohio 43213 in Franklin County, Ohio.

4.      At all times relevant, Defendant 6350 E Main LLC ("Parcel 5154") is a limited liability company which holds the title to 6350 East Main Street, Reynoldsburg, Ohio 43068 with the property also being known as Franklin County Parcel ID: 060-005154-00 formed under the law of the State of Ohio with its principal place of business located at 6264 Kinver Way, Columbus, Ohio 43213 in Franklin County, Ohio.

5.      At all times relevant, Defendant Mary L. Dodds ("Mary Dodds") an individual who is, upon information and belief, the President and Secretary of Bodyworks, the managing member of Parcel 5153 and Parcel 5154, and Trustee of Trust Agreement Dated October 15, 1997, As Amended, and is a resident of Franklin County, Ohio with her principal place of

residence being 6264 Kinver Edge Way, Columbus, Ohio 43213.

6.    At all pertinent times stated herein, Defendant Bodyworks conducted business in Franklin County, Ohio.

7.    At all pertinent times stated herein, Defendant Parcel 5153 conducted business in Franklin County, Ohio.

8.    At all pertinent times stated herein, Defendant Parcel 5154 conducted business in Franklin County, Ohio.

9.    At all pertinent times stated herein, Defendant Mary Dodds is a resident of Franklin County, Ohio and an employee of Bodyworks.

10.   Jurisdiction and Venue are appropriate in the Franklin County Court of Common Pleas, Franklin County, Ohio.

## STATEMENT OF FACTS

11.   Plaintiff incorporates the allegations contained within the preceding paragraphs of his First Amended Complaint as if fully rewritten herein.

12.   Beginning in 1988, Plaintiff was employed by Bodyworks in various capacities.

13.   Between 1989 and January 2021, Mr. Johnson, as the Manager of Bodyworks, increased annual gross receipts or sales from approximately $500,000 per year to more than $5,000,000 per year.

14.   On or about 1989, the principal owner of Bodyworks, Marvice Dodds, stopping actively coming to Bodyworks, stopped actively performing work at Bodyworks, and placed Mr. Johnson in charge of the day-to-day operations of Bodyworks.

15.   On or about 1994, in recognition of Plaintiff's accomplishments with Bodyworks, to include year-over-year increases in gross receipts or sales for Bodyworks, and as an incentive to remain the operations manager for Bodyworks, Bodyworks acknowledged that Bodyworks

would benefit from Mr. Johnson's continued employment with Bodyworks as its operations manager and, if possible, as a partial owner of Bodyworks.

16.     On or about 1994, Bodyworks offered Mr. Johnson a new employment agreement which included an option that Mr. Johnson could receive a two percent (2%) ownership interest in Bodyworks for each year of employment (hereinafter "Ownership Option") or, in the alternative, an option that Mr. Johnson and Bodyworks participate in a defined benefits plan that Bodyworks' ownership represented would pay Mr. Johnson seven thousand dollars ($7,000.00) per month beginning in April 2023 (hereinafter "Defined Benefits Program") .

17.     On or about 1994, as part of Mr. Johnson's employment agreement, Bodyworks agreed to pay Mr. Johnson monthly compensation incentive award equal to three percent (3%) of Bodyworks' monthly gross sales (hereinafter "Monthly Incentive Compensation").

18.     On or about 1994, Bodyworks agreed to employ Mr. Johnson until April 14, 2023 – Mr. Johnson's sixty-second (62nd) birthday.

19.     On or about 1994, as a condition of Mr. Johnson's employment agreement, Bodyworks agreed to pay Mr. Johnson an annual salary of Thirty-Six Thousand Four Hundred dollars ($36,400.00).

20.     On or about 1994, Bodyworks and Mr. Johnson agreed that Mr. Johnson, as operations manager of Bodyworks or as an owner, Mr. Johnson could only be terminated for exceptional circumstances.

21.     The terms of Mr. Johnson's employment agreement and compensation options from/in Bodyworks are set forth in numerous writings, notes, emails, memoranda, and audio recordings of Mary Dodds and other employees, owners, contractors, and consultants of Bodyworks to include Jim Carlson, Marvice Dodds, Mary Dodds, Michelle Dodds, Mark Dodds, Bob Gross, and Mike Rebetta.

22. In 1994, relying on Mary Dodds, Marvice Dodds, and Bodyworks' representations, Mr. Johnson accepted Defendants' offer of guaranteed employment, to include the Defined Benefits Program, declined the Ownership Option, and rejected employment offers from Bodyworks' competitors and suppliers.

23. Between 1994 and 2011, Mr. Johnson worked for Bodyworks pursuant to their employment agreement.

24. On or about 2011, Bodyworks, through its owners and employees, during a Bodyworks' staff meeting, advised Mr. Johnson and other employees that Bodyworks had fallen behind on its funding of the Defined Benefits Program and that Bodyworks was terminating the Defined Benefits Program.

25. On or about 2011, Bodyworks, through its owners and employees, immediately after the staff meeting described in Paragraph 24 of Plaintiff's Complaint, Mary Dobbs, Marvice Dodds, Jim Carlson, Michelle Dodds, and Mark Dodds met with Mr. Johnson to renegotiate Mr. Johnson's employment agreement to guarantee that Mr. Johnson would remain the Bodyworks operations manager (hereinafter "Post-DBP Meeting") until Mr. Johnson's 62nd birthday.

26. During the Post-DBP Meeting, Mr. Johnson's employment agreement was reaffirmed with at least one known revision; Bodyworks, through its owners, and Marvice Dodds, Mary Dodds, Michelle Dodds, and Mark Dodds promised to take care of Mr. Johnson's retirement by providing Mr. Johnson, upon reaching age 62 and separating from Bodyworks, a single lump-sum payment equal to Twenty-Five percent (25%) of the value of Bodyworks and the property upon which Bodyworks operated (hereinafter "25% Retirement Payment").

27. Bodyworks, Marvice Dodds, and Mary Dodds' reasons for providing Mr. Johnson with the 25% Retirement Payment was based in part on Bodyworks, Marvice Dodds, and Mary

Dodds failure to fund the Defined Benefits Program they promised Mr. Johnson as well as the fact that, had Mr. Johnson accepted the 1994 Ownership Option, Mr. Johnson would own Forty-Four percent (44%) of Bodyworks.

28.    At the time of the Post-DBP Meeting, Bodyworks operate its business operations on Franklin County Parcel ID: 060-005153-00, and Franklin County Parcel ID: 060-005154-00.

29.    At the time of the Post-DBP Meeting, Mr. Johnson had provided Bodyworks more than Twenty-Two years of continuous service.

30.    On February 26, 2011, Marvice Dodds passed away in Florida.

31.    Upon information and belief, between 1988 and April 19, 1996, Bodyworks operated on Franklin County Parcel ID: 060-005154-00 pursuant to a lease.

32.    Upon information and belief, between 1988 and October 19, 1998, Bodyworks operated on Franklin County Parcel ID: 060-005153-00 pursuant to a lease.

33.    Upon information and belief, between April 19, 1996 and October 23, 1997, Bodyworks operated on Franklin County Parcel ID: 060-005154-00 without a lease.

34.    Upon information and belief, between October 23, 1997 and present, Bodyworks operated on Franklin County Parcel ID: 060-005154-00 without a lease.

35.    Upon information and belief, between October 19, 1998 and present, Bodyworks operated on Franklin County Parcel ID: 060-005153-00 without a lease.

36.    Upon information and belief, between April 19, 1996 until present, Bodyworks operated on Franklin County Parcel ID: 060-005154-00 and received the financial benefit of an avoided cost lease or avoided rent payments.

37.    Upon information and belief, between October 19, 1998 and present, Bodyworks operated on Franklin County Parcel ID: 060-005153-00 and received the financial benefit of an avoided cost lease or avoided rent payments.

38.    From on or about 2011 until Mr. Johnson's termination from Bodyworks, Defendants reaffirmed on numerous occasions that Defendant Bodyworks and Defendant Mary Dodds would honor Mr. Johnson's employment contract and 25% Retirement Payment.

39.    Relying upon Defendants' representations, Mr. Johnson continued to work for Bodyworks and decline lucrative job offers from Bodyworks' competitors and suppliers.

40.    In 2018, Bodyworks agreed to increase Mr. Johnson's annual base salary from Thirty-Six Thousand Four Hundred dollars annually ($36,400.00) to Forty-One Thousand Six Hundred dollars annually ($41,600.00).

41.    Between 1994 and January 2021, Bodyworks employee Michelle Dodds (upon information and belief, Bodyworks Accountant and Bookkeeper) was skimming cash from Bodyworks and underreported Bodyworks actual sales revenue.

42.    Between 1994 and January 2021, Bodyworks failed to properly calculate and pay Mr. Johnson his Monthly Incentive Compensation.

43.    Upon information and belief, between 1994 and January 2021, Bodyworks failed to properly calculate and fully pay Mr. Johnson his Monthly Incentive Compensation because Bodyworks employee, Michelle Dodds, was skimming cash payments from Bodyworks and the skimmed cash payments were not being recorded upon the financial books of the business.

44.    From 1988 until Mr. Johnson's termination from Bodyworks, Mr. Johnson's job performance was exemplary.

45.    On January 15, 2021, Bodyworks and Mary Dodds provided Mr. Johnson a "Severance Agreement and Release" which was not signed by a representative of Bodyworks or Mary Dodds but evidences that Mary Dodds is President of Bodyworks.

46.     The Severance Agreement and Release memorializes Mr. Johnson's entitlement to his last paycheck, $100,000, a Ford F150 Truck, an additional $100,000 upon the sale of Bodyworks, and Mr. Johnson's ownership rights in Bodyworks.

47.     On January 29, 2021, Mr. Johnson's employment with Bodyworks was terminated by Mary Dodds without just cause.

48.     The grounds for Mr. Johnson's termination were contrived, false, and defamatory.

49.     Mr. Johnson's claims contained in this First Amended Complaint are based upon both oral and written contracts/agreements with Defendants. Outside of certain recorded conversations Mr. Johnson possesses, Mr. Johnson does not possess a copy of any written agreements and, therefore, Mr. Johnson is not attaching a copy of any written agreement or contract to this First Amended Complaint.

## I.     BREACH OF CONTRACT

50.     Plaintiff incorporates herein the allegations contained in the preceding paragraphs as if fully rewritten herein.

51.     Mr. Johnson refused to resign and on January 29, 2021, Mr. Johnson's employment with Defendant Bodyworks and Defendant Mary Dodds was wrongfully terminated.

52.     Defendant Bodyworks and Defendant Mary Dodds failed to comply with the promises, representations, and agreements with Mr. Johnson.

53.     Mr. Johnson has performed all of the stipulations, conditions, and promises required of him under the terms of his employment agreement with Defendant Bodyworks and Defendant Mary Dodds.

54.     As a result of Defendants' actions, Mr. Johnson has suffered severe emotional distress and embarrassment.

55.     As a direct result of Defendants' actions, Mr. Johnson was unable to pay his monthly financial obligations and Mr. Johnson suffered credit score devaluation.

56.     As a direct result of Defendants' actions, Mr. Johnson was unable to maintain health insurance and paid out of pocket expenses for medical insurance and other medical care.

57.     As a direct result of Defendants' actions, Mr. Johnson suffered severe economic harm, emotional damages, embarrassment, humiliation, and depression.

58.     As a direct result of Defendants' actions, Mr. Johnson suffered irreparable harm to his professional reputation in the autobody business to include repair and painting shops for vehicles.

59.     As a direct result of Defendants' actions, Mr. Johnson suffered negative health consequences, including high blood pressure and psychological dysfunction, both requiring treatment by medication.

60.     In the alternative, Mr. Johnson is entitled to quantum meruit.

**II.     FRAUD AND MISREPRESENTATION AND PROMISSORY ESTOPPEL**

57.     Plaintiff incorporates herein the allegations contained in the preceding paragraphs as if fully rewritten herein.

58.     Defendants intentionally and falsely represented to Mr. Johnson that he would be employed at Bodyworks and by Mary Dodds until he reached age 62; that Mr. Johnson would receive an annual salary of $41,600 each year until he reached age 62; that Mr. Johnson would be paid his Monthly Incentive Compensation until he reached age 62; that Mr. Johnson would only be terminated from his employment for exceptional circumstances; that Mr. Johnson would be paid his 25% Retirement Payment; that Mr. Johnson would be paid under the Defined Benefits Program; that Mr. Johnson would receive the appropriate Bodyworks and Mary Dodds

compensation and contributions to Mr. Johnson's Social Security Earnings; among other benefits Mr. Johnson was entitled to receive.

59.　　Defendants made such statements knowing that the statements were false and expected that Defendants' representations would reasonably be relied upon by Mr. Johnson.

60.　　Defendants' misrepresentations were made with the intent to mislead Mr. Johnson.

61.　　Defendants' misrepresentations did mislead Mr. Johnson.

62.　　Mr. Johnson relied upon Defendants' false and fraudulent representations and, given the prior dealings between the parties, the substantial sums of money involved, and the existing relationship between the parties, Mr. Johnson's reliance was reasonable.

63.　　As a direct and proximate case of Defendants' false and fraudulent representations, Mr. Johnson suffered damages and injuries as set forth above.

### III.　　WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

64.　　Plaintiff incorporates by reference all allegations contained in the preceding paragraphs of this First Amended Complaint as if fully restated herein.

65.　　Upon information and belief, the January 2021 termination of Mr. Johnson constituted and unlawful discriminatory practice in violation of O.R.C. 4112.02 based upon age and disability.

66.　　Mr. Johnson's has not yet received a right to sue letter from the Ohio Civil Rights Commission pursuant to O.R.C. 4112.051 or O.R.C. 41112.052.

67.　　The conduct being complained of to the Ohio Civil Rights Commission amounts to a wrongful termination in violation of clear public policy prohibiting the discharge of employees based upon the employees' age and disability because the harassing behavior leading

to the discharge of Mr. Johnson created an abusive and hostile workplace, caused the discharge, and was not motivated by any overriding legitimate business justification.

68.     Plaintiff seeks judgment against the Defendants finding that they violated public policy and an award of compensatory and punitive damages, and all other remedies this Court deems beneficial to Plaintiff and appropriate.

## IV.     NEGLIGENT RETENTION AND SUPERVISION

69.     The Plaintiff incorporates by reference all allegations contained in the preceding paragraphs of this First Amended Complaint as if fully restated herein.

70.     The above-described conduct of Defendant Bodyworks was negligent supervision and retention because the employer knew of the wrongful acts of Mary Dodds and of Michelle Dodds yet continued to employ them.

71.     The Court should find that Defendant is directly responsible, as a matter of law, for the direct and proximate harm to Mr. Johnson and order appropriate relief.

## V.     VIOLATION OF OHIO WAGE LAWS AND FAIR LABOR STANDARDS ACT

72.     Plaintiff incorporates by reference all allegations contained in the preceding paragraphs of this First Amended Complaint as if fully restated herein.

73.     Mr. Johnson was an employee of Bodyworks. During Mr. Johnson's employment with Bodyworks, he was paid a salary, received (upon information and belief) $ weekly gross income, and the Monthly Incentive Compensation.

74.     As Bodyworks President, Mary Dodds was Mr. Johnson's employer.

75.     During the week of Mr. Johnson's termination, Mr. Johnson worked for Bodyworks as he normally did, providing valuable services to Bodyworks and Mary Dodd.

Franklin County Ohio Clerk of Courts of the Common Pleas- 2021 Sep 23 7:38 PM-21CV005513

76.     Between 1994 and January 29, 2021, Mr. Johnson worked for Bodyworks as he normally did, providing valuable services to Bodyworks and Mary Dodd.

77.     On January 29, 2021, Mary Dodd terminated Mr. Johnson's employment with Bodyworks. Subsequent to Mr. Johnson's termination, Mary Dodd and/or Bodyworks have withheld for more than thirty days Mr. Johnson's last paycheck and the associated Monthly Incentive Compensation.

78.     Subsequent to Mr. Johnson's termination, Mary Dodd and/or Bodyworks have withheld for more than thirty days Mr. Johnson's proper Monthly Incentive Compensation for the period 1994 through January 29, 2021.

79.     Bodyworks and Mary Dodd have refused, and continue to refuse to pay Mr. Johnson his wages the were due for services performed during his last week of employment with Bodyworks.

80.     Bodyworks and Mary Dodd have refused, and continue to refuse to pay Mr. Johnson his wages Monthly Incentive Compensation for the period 1994 through January 29, 2021.

81.     Bodyworks and/or Mary Dodd's withholding of Mr. Johnson's wages for his last week of employment and the withholding of his Monthly Incentive Compensation for the period 1994 through January 29, 2021 is a violation of Ohio's Prompt Payment Act codified under O.R.C. 4113.15. Under 4113.15, Mr. Johnson is entitled to his wrongfully withheld wages, wrongfully withheld Monthly Incentive Compensation, liquidated damages, and attorney's fees.

82.     Failure to pay wages in violation of O.R.C. 4113.15 is a criminal offense pursuant to R.C. 4113.99. Pursuant to R.C. 2307.60, Mr. Johnson is entitled to damages, including costs and attorney's fees.

83.     Bodyworks and/or Mary Dodd's withholding of Mr. Johnson's wages for the last week he worked in January 29, 2021 and the withholding of Mr. Johnson's Monthly Incentive Compensation are also a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and as a result, Mr. Johnson is entitled to his unpaid minimum wages, liquidated damages, and attorney's fees.

## VI.     <u>CONVERSION</u>

84.     Plaintiff incorporates the preceding paragraphs of this First Amended Complaint as if fully rewritten herein.

85.     Upon Mr. Johnson's termination from Bodyworks and Bodyworks, Mary Dodds, Parcel 5153, and Parcel 5154 refusal to honor Mr. Johnson's employment agreement, Mr. Johnson has been unable to obtain all his ownership interests and property, which Mr. Johnson owns and has a right to possess.

86.     Mr. Johnson, on multiple occasions, requested access to his ownership interest and property from Bodyworks, Mary Dodds, Parcel 5153, and Parcel 5154, and was denied recovery of his ownership interests and personal property by Bodyworks, Mary Dodds, Parcel 5153, and Parcel 5154.

87.     Upon information and belief, Bodyworks, Mary Dodds, Parcel 5153, and Parcel 5154 have discarded and/or sold Mr. Johnson's ownership interests and personal property.

88.     Mr. Johnson has suffered damages as a result of Bodyworks, Mary Dodds, Parcel 5153, and Parcel 5154's conversion of Mr. Johnson's ownership interest and personal property, as set forth in the prayer for relief.

## VII.     <u>TRESSPASS TO CHATTALS</u>

89.     Plaintiff incorporates the preceding paragraphs of this First Amended Complaint as if fully rewritten herein.

Franklin County Ohio Clerk of Courts of the Common Pleas- 2021 Sep 23 7:38 PM-20CV005136

90.     Upon Mr. Johnson's termination from Bodyworks and Bodyworks, Mary Dodds, Parcel 5153, and Parcel 5154 refusal to honor Mr. Johnson's employment agreement, Mr. Johnson has been unable to obtain all his ownership interests and property, which Mr. Johnson owns and has a right to possess.

91.     Bodyworks, Mary Dodds, Parcel 5153, and Parcel 5154 has prevented Mr. Johnson, on multiple occasions, from recovering his ownership interest and personal property from Bodyworks, Mary Dodds, Parcel 5153, and Parcel 5154.

92.     Upon investigation and belief, Bodyworks, Mary Dodds, Parcel 5153, and Parcel 5154 have discarded and/or sold Mr. Johnson's ownership interest and personal property.

93.     Mr. Johnson has been precluded from using his ownership interest in Bodyworks and his personal property since January 29, 2021.

94.     Mr. Johnson has suffered damages as a result of Bodyworks, Mary Dodds, Parcel 5153, and Parcel 5154's actions as set forth in the prayer for relief.

## VIII.   UNJUST ENRICHMENT/QUANTUM MERUIT

95.     Plaintiff incorporates the preceding paragraphs of this First Amended Complaint as if fully rewritten herein.

96.     Mr. Johnson is one of the two owners of Bodyworks otherwise Mr. Johnson conferred a benefit upon Bodyworks, Mary Dodds, Parcel 5153, and Parcel 5154 by investing two percent (2%) of his personal earnings annually for his employment agreement into Bodyworks, Mary Dodds, Parcel 5153, and Parcel 5154 for the ownership and operations of Bodyworks, Parcel 5153, and Parcel 5154.

97.     The funds expended by Mr. Johnson on Bodyworks, Mary Dodds, Parcel 5153, and Parcel 5154 are traceable from Mr. Johnson to Bodyworks and as such, Mr. Johnson

possesses an interest in Bodyworks, Mary Dodds, Parcel 5153, and Parcel 5154 and Mr. Johnson's interest in Bodyworks directly effects Bodyworks.

98.    Mr. Johnson conferred additional benefits upon Bodyworks, Mary Dodds, Parcel 5153, and Parcel 5154 by investing personal time and labor into Bodyworks, Parcel 5153, and Parcel 5154 for repairs, maintenance, operations, rehabilitation, and improvement in an amount to be determined at trial.

99.    Bodyworks, Mary Dodds, Parcel 5153, and Parcel 5154 had knowledge of the benefits conferred by Mr. Johnson because the value of Bodyworks, Parcel 5153, and Parcel 5154 increased dramatically as a result of Mr. Johnson's investment and personal contributions to Bodyworks, Parcel 5153, and Parcel 5154.

100.    Bodyworks, Mary Dodds, Parcel 5153, and Parcel 5154 have been unjustly enriched because they and she accepted and retained the benefit conferred upon it and her from Mr. Johnson's use of his personal funds and employment agreement benefits, time, and labor to Bodyworks, Parcel 5153, and Parcel 5154 and have refused to reimburse Mr. Johnson for the benefits obtained.

101.    As a result of Bodyworks, Mary Dodds, Parcel 5153, and Parcel 5154 retaining the benefits conferred upon it and her of Mr. Johnson's personal funds, time, and labor to Bodyworks, Parcel 5153, and Parcel 5154, Mr. Johnson suffered damages in an amount greater than $25,000.00 and is entitled to compensation for those damages and for the Court to impose a constructive trust over Bodyworks, Parcel 5153, and Parcel 5154.

### IX.    DAMAGES PURSUANT TO OHIO REVISED CODE § 2307.60

102.    Plaintiff incorporates the preceding paragraphs of this First Amended Complaint as if fully rewritten herein.

103.     Ohio Rev. Code § 2307.60 authorizes a civil action for damages based on the violation of any criminal statute.

104.     The FLSA (29 U.S.C. § 216(a)) and O.R.C. § 4113.15 impose criminal penalties for willful violations of the FLSA and O.R.C. 4113.15, respectively.

105.     By their acts and omissions described herein, Bodyworks and Mary Dodds willfully violated the FLSA and O.R.C. 4113.15 resulting in Mr. Johnson being injured. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

106.     As a result of Bodyworks and Mary Dodds' willful violations of the FLSA and O.R.C. 4113.15, pursuant to Ohio Rev. Code § 2307.60, Mr. Johnson is entitled to compensatory and punitive damages, costs, and attorney's fees.

## X.     FEDERAL RICO

107.     Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

108.     Plaintiff is a "person" as within the meaning of 18 U.S.C. § 1964(c).

109.     Defendants Bodyworks, Mary Dodds, Parcel 5153, and Parcel 5154 are separate entities capable of holding a legal or beneficial interest in property and are therefore individually considered a "person" within the meaning of 18 U.S.C. § 1962(c) as the term is defined by 18 U.S.C. § 1961(3).

110.     Upon information and belief, Bodyworks, Parcel 5153, and Parcel 5154 constitute an "enterprise" within the meaning of 18 U.S.C. § 1961(4) as each corporate defendant is a partnership, libibility company, or corporation and the RICO persons who conducted the affairs of the Bodyworks, Parcel 5153, and Parel 5154 enterprises are the employees of Bodyworks who either directly or indirectly implemented and/or perpetuated policies that had the purpose or

effect of depriving Mr. Johnson and other employees of earned wages, unemployment benefits, social security benefits, and other retirement benefits.

111.    The Bodyworks, Parcel 5153, and Parcel 5154 enterprise's unlawful and criminal conduct of skimming money from Bodyworks, underreporting Bodyworks monthly earned revenues, and failing to properly distribute Monthly Incentive Compensation to Mr. Johnson had a common purpose of increasing Bodywork's, Mary Dodds, Parcel 5153, and Parcel 5154's financial gain and the anticipated result of not only depriving Mr. Johnson of his earned wages and Monthly Incentive Compensation, but also deprived Mr. Johnson of unemployment benefits, social security benefits, and other retirement benefits.

112.    Bodyworks, Mary Dodds, Parcel 5153, and Parcel 5154's conduct constitute a pattern of "racketeering activity" within the meaning of 18 U.S.C. § 1961(1) as they engaged in wire fraud (18 U.S.C. § 1343) and/or mail fraud (18 U.S.C. § 1341) by sending fraudulent pay studs, W-2 paychecks, and other documents interstate trough mail and wires in violation of 18 U.S.C. § 2(c).

113.    Bodyworks, Mary Dodds, Parcel 5153, and Parel 5154's pattern of racketeering activity was conducted with the purpose of its own financial gain and was committed within the past four (4) years.

114.    As a result of Bodyworks, Mary Dodds, Parcel 5153, and Parcel 5154's violation of 18 U.S.C. § 1962(c), Mr. Johnson has suffered and continues to suffer damages to be determined at trial, including, but not limited to, loss of unemployment benefits, social security benefits, and other retirement benefits.

115.    Pursuant to 18 U.S.C. § 1964(c), Mr. Johnson is entitled to recover treble damages, costs, and attorney's fees.

## XI.    OHIO CORRUPT ACTIVITIES ACT

116.     Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

117.     Bodyworks, Mary Dodds, Parcel 5153, and Parcel 5154 was involved in more than two incidents of "corrupt activity" as defined by Ohio R. Code § 2923.31(I) as they engaged in, attempted to engage in, conspired to engage in, or solicited, coerced, or intimidated another person(s) to engage in racketeering activity under 18 U.S.C. § 1961(1)(B) by sending numerous fraudulent business records, earnings reports, business valuations, pay stubs, W-2 paychecks, and other documents interstate through the mail and wires.

118.     Bodyworks, Mary Dodd, Parcel 5153, and Parcel 5154 was involved in a "pattern of corrupt activity" as defined by Ohio R. Code § 2923.31(I) by sending numerous fraudulent business records, earning reports, business valuations, pay stubs, W-2 paychecks, and other documents through the mail and wires to numerous employees and agents, including Mr. Johnson for at least and within the last five years.

119.     As Bodyworks, Mary Dodds, Parcel 5153, and Parcel 5154's President, owner, senior management, corporate officers, and accounting employees were not only aware of but implemented its policy(ies) that skimmed cash income from Bodyworks and under reported to sales revenues of Bodyworks, the Bodyworks, Parcel 5153, and Parcel 5154 enterprises existed separate and apart from the mangers and employees which Bodyworks, Mary Dodds, Parcel 5153, and Parcel 5154 acted.

120.     As a result of Bodyworks, Mary Dodds, Parcel 5153, and Parcel 5154's violations of Ohio R. Code § 2923, et seq., Mr. Johnson has suffered and continues to suffer damages to be determined at trial, including, but not limited to, loss of unemployment benefits, social security benefits, and other retirement benefits.

121.     Pursuant to Ohio R. Code § 2923.34, Mr. Johnson is entitled to recover treble damages, costs, and attorney's fees.

**WHEREFORE,** Plaintiff, Harold Jeffrey Johnson, respectfully demands judgment against the Defendants, jointly and severally, as to all claims, including:

a.  Find that Defendants willfully violated the FLSA and O.R.C. § 4113.15;

b.  Order Defendants, jointly and severally, to pay Plaintiff's unpaid wages and unpaid Monthly Incentive Compensation and grant him his proper ownership interest in Bodyworks, Parcel 5153, and Parcel 5154;

c.  Award liquidated and/or treble damages to the fullest extent permitted under Federal and Ohio law;

d.  Find that Defendants willfully violated Ohio R. Code § 4113.15 by failing to pay Plaintiff all wages and Monthly Incentive Compensation under the FLSA and the Ohio Constitution within thirty days of their regularly scheduled payday;

e.  Order Defendants, jointly and severally, to pay Plaintiff pursuant to Ohio R. Code § 4113.15 six per cent of the amount of the claim still unpaid and not in contes or disputed or two hundred dollars, whichever is greater;

f.  Order Defendants, jointly and severally, to pay Plaintiff punitive damages pursuant to O.R.C. § 2307.60 and 2315.21;

g.  Find that Defendants breached the terms of their employment agreement and other oral and written agreements with Plaintiff and order Defendants, jointly and severally, to pay Plaintiff an amount of damages for Defendants' acts in breach of contract, including, costs, attorney's fees, prejudgment and post-judgment interest.

h.  Find that Defendants breach was in bad faith;

i. Find that Defendants' actions and conduct complained of herein deprived Plaintiff of unemployment benefits, social security benefits, and other retirement benefits in violation of Federal RICO and the Ohio Corrupt Activities Act;

j. Order Defendants, jointly and severally, to pay Plaintiff treble damages pursuant to 18 U.S.C. § 1964(c) and Ohio R. Code § 2923.34;

k. Order Defendants, jointly and severally, to pay Plaintiff's attorney's fees, costs and expenses as provided under federal and state law, including, but not limited to, 29 U.S.C. § 216(b), 18 U.S.C. 1964, Ohio R. Code §§ 2307.60, 2923.34, and 4111.10; and

l. Award any other legal or equitable relief beneficial to Plaintiff that the Court deems just and proper.

Respectfully Submitted,

**HALLOWES LAW GROUP, LLC**

*/s/ Wesley T. Fortune*
Wesley T. Fortune          (0085397)
1010 Jackson Hole Dr, Suite 200
Blacklick, Ohio 43004
Telephone:    (614) 759-4603
Facsimile:    (614) 868-0029
Email:        Wes@HLGlawgroup.com
*Attorney for Plaintiff*

## JURY DEMAND

Plaintiffs hereby demand that this case be tried before a jury of eight (8) members.

Respectfully Submitted,

**HALLOWES LAW GROUP, LLC**

*/s/ Wesley T. Fortune*
Wesley T. Fortune          (0085397)

Franklin County Ohio Clerk of Courts of the Common Pleas- 2021 Sep 23 7:38 PM-21CV005517

1010 Jackson Hole Dr, Suite 200
Blacklick, Ohio 43004
Telephone:      (614) 759-4603
Facsimile:      (614) 868-0029
Email:          Wes@HLGlawgroup.com
*Attorney for Plaintiff*